DAVID L. G. SHIMIZU, Plaintiff

v.

PAUL M. CALVO, Defendant

Civil Case No. 63-79

JOSEPH CRUZ, Plaintiff

v.

PAUL M. CALVO, Defendant

Civil Case No. 64-79

Superior Court of Guam

May 14, 1979

BENSON, *Judge*

### ORDER

These cases, presenting similar problems, were consolidated for hearing on the motions by the plaintiffs and by the defendant. The plaintiffs' motions for judgments on the pleading, or in the alternative for summary judgments, were heard and submitted for decision on April 24, 1979. The defendant's motion for summary judgment was heard and submitted for decision on May 9, 1979.

Plaintiff David Shimizu entered into a contract with the government of Guam on December 7, 1978, to serve as Men-

tal Health Coordinator for a period of twelve (12) months. He commenced his employment on December 18, 1978. On or about January 3, 1979, the Acting Administrator of the Mental Health and Substance Abuse Agency directed the plaintiff to vacate his office. By letter of January 8, 1979, the Acting Administrator terminated his contract.

Plaintiff Joseph Cruz entered into a contract with the government of Guam on December 20, 1978, and commenced his employment as Personnel Manager for the Public Utilities Agency of Guam on December 28, 1978. The contract is for a period of two (2) years. On January 2, 1979, the plaintiff was directed to leave his work by the Acting Chief Officer of the Public Utilities Agency of Guam, and on January 10, 1979, the same person, by letter, notified the plaintiff that the contract was terminated.

Matters outside of the pleadings have been considered and the plaintiffs' motions are treated as motions for summary judgment. Rule 12(c).

Neither position as Personnel Manager nor as Mental Health Coordinator exists within the Merit System of the government of Guam and no application to create such new positions has been made by the Governor.

In each of these cases, all the allegations of the complaints have been admitted by the defendant, except the allegation that declaratory relief is appropriate. The defendant asserts as an affirmative defense that the contracts are void. The contracts appear fair and regular. The burden of proof, therefore, is on the defendant to assert illegality of the contracts. The court believes the defendant has properly done this by raising it in his affirmative defense.

In oral argument, the defendant said that there may be an issue of fact as to whether or not the contracts are for "professional or technical services" for "temporary" period. Section 4002(a)(5) of the Government Code of Guam. The plaintiffs in oral argument on April 24, 1979, made it

clear that it is their position that the contracts fall within this Section. Nevertheless, the defendant submitted no factual matter to the contrary by the time his motion was argued on May 9, 1979.

It is the defendant's position that the contracts are illegal since they are attempts to evade the Merit System required by the laws of Guam. The court, however, cannot permit the defendant to merely rest on his affirmative defense alleged in his answer (*Higgins v. Baker*, 309 F.Supp., at 639) since there is clear authority in the law for hiring outside the Merit System. Section 1422 of the Organic Act of Guam; § 4107 of the Government Code of Guam.

In support of his position that the contracts are void, the defendant, other than the answer, made no showing that the appointments were not based on "merit", or that the manner of selection was not "free of political consideration", or that it was "practicable" to have based the contracts on competitive practical tests and evaluations. Section 4001 of the Government Code of Guam.

The defendant's position has been that the plaintiffs must make an affirmative factual showing that it was impractical to make the appointments within the Merit System and that they are both contracts to render temporary professional or technical services. On the contrary, the defendant must by an affirmative factual showing demonstrate that the contract is illegal. He is not entitled to rely merely on the allegation of an affirmative defense.

The defendant also alleges that the termination of the contracts was justified under § 4107 of the Government Code of Guam, since the Governor has not submitted the positions to the Civil Service Commission. This Section does not furnish any support for the affirmative defense that the contracts were void. On the date of the termination of the Cruz contract, thirty (30) days had not elapsed

605

since the creation of the position, and as to neither had sixty (60) days elapsed during which the Commission could act. The failure of the Governor to submit the positions cannot make the contracts void. These cases do not raise § 4107 problems.

For the reasons stated, it is ordered that the plaintiffs' motions be, and they hereby are, granted.

It is further ordered that the defendant's motions be, and they hereby are, denied.